Case 1:02-at-06000 Document 464 Filed 04/25/11 Page 1 of 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANN MARIE WATKINS<br>697 Alum Rock Road<br>Newpark, PA 17352<br><br>Plaintiff,<br>v.<br><br>UNITED CEREBRAL PALSY<br>OF SOUTH CENTRAL<br>PENNSYLVANIA, INC.<br>788 Cherry Tree Court<br>Hanover, PA 17331<br><br>and<br><br>ROY RHOADES<br>123 Quarry Road<br>Delta, PA 17302<br><br>and<br><br>MARGARET RHOADES<br>123 Quarry Road<br>Delta, PA 17302<br><br>Defendants. | CIVIL ACTION<br><br>No.____________________ |

**CIVIL ACTION COMPLAINT**

Plaintiff, Ann Marie Watkins, by and through her undersigned counsel, files this Civil Action Complaint, averring as follows:

## I. Introduction

1. Plaintiff, Ann Marie Watkins (hereinafter "Plaintiff"), initiates this action to seek redress against the above-named Defendants, her former employers, for unlawful sexual harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and other applicable federal and state law.

## II. <u>Parties</u>

2. Plaintiff is an adult female, currently residing at the above address.

3. Defendant, United Cerebral Palsy of South Central Pennsylvania, Inc. (hereinafter "Defendant UCP") is a not-for-profit corporation created and existing pursuant to the laws of the Commonwealth of Pennsylvania with a place of business at the above address.

4. Defendant, Roy Rhoades, is an adult male currently residing at the above address.

5. Defendant, Margaret Rhoades, is an adult female currently residing at the above address.

6. At all times relevant, Defendants acted by and through their agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

7. Defendant UCP is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

8. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership or financial controls, and other factors, the named Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single employer of Plaintiff for purposes of the instant action.

## III. <u>Jurisdiction and Venue</u>

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. The Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over

them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

11. The United States District Court for the Middle District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

13. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants are located in and conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (the Plaintiff was employed in the Middle District of Pennsylvania at the time of the unlawful actions set forth herein).

14. The Court may maintain supplemental jurisdiction over Plaintiff's state law assault and battery claims against Defendant Roy Rhodes (set forth in Count III of the instant Complaint) because one or more federal claims are asserted against him and/or because, pursuant to 28 U.S.C. § 1367(a): (i) the Court's original jurisdiction in the instant case is based upon 28 U.S.C. § 1331 as opposed to 28 U.S.C. § 1332; (ii) the claims against Defendant Roy Rhodes are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy; (iii) the claims against Defendant Roy Rhodes do not involve novel or complex issues of state law; (iv) the claims against Defendant Roy Rhodes do not

predominate over the claims over which the Court has original jurisdiction; and (v) there is no other compelling reason to decline jurisdiction over the state law claims against Defendant Roy Rhodes.

## IV. <u>Procedural and Administrative Remedies</u>

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the PHRA as follows:

a. On or about June 16, 2010, Plaintiff filed a timely written charge of discrimination against Defendants with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") (EEOC No. 530-2010-02440) alleging sexual harassment and retaliation;

b. Plaintiff also cross-filed the aforementioned charges of discrimination with the Pennsylvania Human Relations Commission and will amend her Complaint to include a claim under the Pennsylvania Human Relations Act upon the expiration of the applicable period for investigation;

c. The EEOC issued a Notice of Right to Sue on the foregoing charges on or about January 24, 2011; and

d. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## V. Factual Background

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. Plaintiff was employed by Defendants as a Home Healthcare Aide.

20. Plaintiff worked as an Aide for Defendant Roy Rhoades from October 2007 until January 21, 2010 when she was constructively terminated because of Defendant UCP's failure to address a sexual harassment complaint.

21. As a Home Healthcare Aide Plaintiff was obligated to wash Defendant Roy Rhoades and care for his needs.

22. On a regular basis beginning shortly after she began working with hum, Defendant Roy Rhoades asked Plaintiff to play with his penis.

23. Defendant Roy Rhoades attempted to bite Plaintiff's cleavage, made inappropriate sucking sounds, would request Plaintiff to soap up his private parts and pull on his penis, and committed other improper and sexually harassing conduct.

24. Plaintiff complained to Defendant Margaret Rhoades regarding the foregoing conduct but she refused to take action to redress same.

25. Defendant UCP was also on notice of Defendant Roy Rhodes' sexually harassing conduct before he harassed Plaintiff because of complaints by other employees who had worked with him, but took no action to redress his conduct.

## Count I
## Title VII – Sexual Harassment

26. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

27. The foregoing conduct by Defendants constituted unlawful sexual harassment against Plaintiff, in violation of Title VII.

28. As a result of Defendants' unlawful harassment, Plaintiff has suffered damages as set forth herein.

***WHEREFORE***, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

**Count II**
**<u>Title VII - Retaliation</u>**

29. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

30. In complaining to Defendants about sexual harassment, Plaintiff engaged in conduct that is protected under Title VII.

31. The Defendants' conduct as aforesaid constituted unlawful retaliation.

32. As a result of Defendants' unlawful retaliation, Plaintiff has suffered damages as set forth herein.

***WHEREFORE***, the Plaintiff seeks the damages set forth in the *Ad Damnum* Clause of this Complaint, *infra*.

**Count III**
**Plaintiff v. Defendant Roy Rhodes Only**
**<u>Assault and Battery</u>**

33. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

34. In Placing Plaintiff in fear of an improper and unwanted touching and/or subjecting Plaintiff to such touching, Defendant Roy Rhoades committed the torts of assault and battery.

***WHEREFORE***, the Plaintiff seeks the damages set forth in the *Ad Damnum* Clause of this Complaint, *infra*.

***Ad Damnum Clause/Prayer for Relief***

***WHEREFORE***, the Plaintiff prays that the Court enter judgment in her favor and against the Defendants and that it enter an Order as follows:

a. Defendants are to be permanently enjoined from permitting sexual harassment against Plaintiff;

b. Defendants are to be prohibited from continuing to maintain their unlawful policy, practice, or custom of permitting sexual harassment and are to be ordered to promulgate an effective policy against such harassment and to adhere thereto;

c. Defendants are to be permanently enjoined from retaliating against Plaintiff for exercising her rights under applicable law;

d. Defendants are to be prohibited from continuing to maintain their unlawful policy, practice, or custom of retaliating against employees for engaging in protected activity under federal and/or state law, and are to be ordered to promulgate an effective policy against such retaliation and to adhere thereto;

e. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' unlawful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded all benefits unlawfully withheld from the date she first suffered discrimination and retaliation at the hands of Defendants until the date of verdict;

f. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendants' actions;

g. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants and/or other employers from engaging in such misconduct in the future;

h. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

i. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

j. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

k. The Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure that Defendants do not engage – or cease engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

l. The Court is to maintain jurisdiction over this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

KOLMAN ELY, P.C.

By: /s/ Wayne A. Ely, Esquire

Wayne A. Ely, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
Phone: (215) 750-3134
Fax: (215) 750-3138

April 25, 2011